### Jim Alexander v. The State.

No. 4123. Decided June 9, 1909.

**Local Option—Affidavit—Information.**

See opinion for affidavit held to be sufficient to charge a violation of the local option law, although inartistically drawn.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $100 and sixty days imprisonment in the county jail.

We find neither statement of facts nor bill of exceptions in the record. The charging part of the information is as follows: "Before me, the undersigned authority, on this day personally appeared Frank Emison, who, after being by me duly sworn, on his oath deposes and says that he has good reasons to believe, and does believe, that heretofore, to wit, on the 15th day of September, A. D. 1906, in the said county of Brown and State of Texas, an election in accordance with the laws of this State was held under authority of an order of the Commissioners Court," etc. Then concludes with this clause: "Jim Alexander did unlawfully sell to P. H. Couch whisky, the same then and there being intoxicating liquor, in violation of said law, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State." The information in all respects follows the affidavit. The affidavit, while not drawn with that care that same should have had, in that same should show affirmatively that the local option law was in effect, setting up the usual orders, and then swear that he has reason to believe, and does believe, that Jim Alexander violated the law, yet, construing the affidavit as a whole, we believe that the same sufficiently complies with the law of this State. A similar affidavit is in the cases of Bailey v. State and Monroe v. State, this day decided. We believe the affidavit is sufficient. There is no question authorizing a reversal of this case, and the judgment is affirmed.

*Affirmed.*